UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA L. SCHEMENAUER,<br><br>                              Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration,<br><br>                              Defendant. | 3:15-cv-00001-LRH-WGC<br><br>**ORDER**<br><br>Re: ECF No. 12 |

      Before the court is Plaintiff's Motion to Seal Medical Evidence. (ECF No. 12.)[1] She asks that the attached medical records be sealed to the sensitive and personal nature of the information contained in the records. (*Id*.)

      The document is not accompanied by a proof of service. Therefore, it is not clear whether the Commissioner was served with the motion to seal or the documents Plaintiff seeks to be sealed. Federal Rule of Civil Procedure 5 requires a written motion, notice, appearance, demand or similar paper must be served on every party. Fed. R. Civ. P. 5(a)(1). Any paper required to be served must be filed, along with a certificate of service, a reasonable time after service. Fed. R. Civ. P. 4(d)(1). Plaintiff is advised to comply with Rule 5 in the future by including a certificate of service with every filed document.

      Special Order 109, section IV.C.4, which can be found on the District of Nevada's website, directs the physical service of sealed filings on other parties. Defendants indicate in their response to Plaintiff's motion to remand and cross-motion for summary judgment that they were not able to access the medical records Plaintiff references. (*See* ECF Nos. 15/16 at 10, 13.) Plaintiff should have served the Commissioner with a copy of the documents she seeks to have

---

[1] Refers to court's electronic case filing (ECF) number.

1 filed under seal. Therefore, the Clerk shall **SEND** the Commissioner's counsel a copy of the
2 medical records contained within ECF No. 13.
3   The court finds that the records should be filed under seal. Historically, courts have
4 recognized a general right to inspect and copy public records and documents, including judicial
5 records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178
6 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the
7 open courtroom has been a fundamental feature of the American judicial system. Basic principles
8 have emerged to guide judicial discretion respecting public access to judicial proceedings. These
9 principles apply as well to the determination of whether to permit access to information
10 contained in court documents because court records often provide important, sometimes the only,
11 bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th
12 Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177
13 (6th Cir. 1983)).
14   Documents that have been traditionally kept secret, including grand jury transcripts and
15 warrant materials in a pre-indictment investigation, come within an exception to the general right
16 of public access. *See Kamakana*, 447 F.3d at 1178.  Otherwise, "a strong presumption in favor of
17 access is the starting point." *Id*. (internal quotation marks and citation omitted).
18   A motion to seal documents that are part of the judicial record, or filed in connection with
19 a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus,
20 a party seeking to seal judicial records must show that "compelling reasons supported by specific
21 factual findings...outweigh the general history of access and the public policies favoring
22 disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors
23 including "the public interest in understanding the judicial process and whether disclosure of the
24 material could result in improper use of the material for scandalous or libelous purposes or
25 infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.  6 (9th
26 Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a
27 motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in
28 deciding a motion to seal. *Pintos*, 605 F.3d at 679.

1  Courts have recognized the need to protect medical privacy has qualified as a
2  "compelling reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v.*
3  *Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii*
4  *Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010
5  WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal.
6  Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1
7  (D.Ariz. May 4, 2009). Here, the records Plaintiff seeks to file under seal contain Plaintiff's
8  sensitive health information, medical history and treatment records. Balancing the need for the
9  public's access to information regarding Plaintiff's medical history, treatment, and condition
10 against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of
11 sealing these exhibits.
12   Therefore, Plaintiff's motion (ECF. No. 12) to file the medical records (found at ECF No.
13 13) under seal is **GRANTED**. As noted above, the Clerk shall provide the Commissioner with a
14 hard copy of these documents.
15   The Commissioner has **TEN DAYS** from the date it receives the medical records filed
16 under seal by Plaintiff to file a response addressing those documents. Plaintiff shall have
17 **SEVEN DAYS** from the date that response is filed to file a reply addressing only the comments
18 contained in the response. Once this briefing is completed, the court will evaluate the matter and
19 issue a report and recommendation addressing Plaintiff's motion for remand and the
20 Commissioner's cross-motion for summary judgment.
21 **IT IS SO ORDERED**.
22
23 Dated: December 1, 2015.                    _William G. Cobb_____
                                               WILLIAM G. COBB
24                                             UNITED STATES MAGISTRATE JUDGE
25
26
27
28