UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA SCHEMENAUER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security Administration,<br><br>　　　　　　　　　　　　Defendant. | Case No. 3:15-cv-00001-LRH-WGC<br><br>**REPORT & RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's request for reimbursement of court and other fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Electronic Case Filing (ECF) No. 35.) The Commissioner filed a response (ECF No. 36), and Plaintiff filed a reply (ECF No. 37). Plaintiff also filed a notice detailing her expenses, receipts, and calculated mileage in support of her request. (ECF No. 38.)

After a thorough review the court recommends that Plaintiff's request be granted in part.

## **I. BACKGROUND**

Plaintiff, representing herself, filed this action and a motion asking the court to reverse and/or remand the decision of the Social Security Administration denying reinstatement of benefits. (ECF No. 14.) The Commissioner filed a response and cross-motion for summary judgment. (ECF Nos. 15/16.) The undersigned issued a report and recommendation that Plaintiff's motion be granted; that the Commissioner's motion be denied; and, that the matter be remanded to the ALJ for further proceedings consistent with the report and recommendation. (ECF No. 30.) No objection was filed by the Commissioner, and District Judge Larry R. Hicks adopted and

accepted the report and recommendation. (ECF No. 31.) On July 27, 2016, Judgment was entered *nunc pro tunc*, effective March 22, 2016. (ECF Nos. 33, 34.) Plaintiff subsequently filed the instant motion requesting reimbursement of fees and costs pursuant to the EAJA. (ECF No. 35.)

## II. DISCUSSION

Plaintiff initially asked to recover the $400 filing fee paid on January 2, 2015, and costs for postage, mailing, copying and mileage in the amount of $281.26, as the prevailing party in this case. She subsequently changed her request to include the $400 filing fee, plus $407.57 in costs for postage and mileage, for a total of 807.57 in costs. (ECF No. 38.)

The Commissioner asks the court to strike the request as premature in violation of the EAJA, and alternatively, requests that the court not award costs and expenses because the Commissioner's position was substantially justified, or determine that the costs requested are unreasonable.

First, the court will address the timeliness of Plaintiff's request. The Commissioner states that under the EAJA, a prevailing party is entitled to apply for fees and expenses, but only when the judgment becomes final, which is when the Commissioner's time for filing an appeal has expired. (ECF No. 36 at 3, citing 28 U.S.C. § 2412(d)(2)(G); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).) The Commissioner asserts that the judgment became final on September 25, 2016, when the time for appeal expired.

At this time, the order has become final and Plaintiff's request is now properly before the court. To the extent the Commissioner has asked the court to strike the submission, that request should be denied.

Second, the court will address the Commissioner's argument that its position in defending the ALJ's decision was substantially justified, and therefore, no fees are warranted.

In a Social Security case, a court shall award fees and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988); *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). The test is one of reasonableness, *i.e.*, whether the government's position had a reasonable basis in law and fact.

*Pierce*, 487 U.S. at 564-66. This means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565; *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (citation and quotation marks omitted). The "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citing *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)). In the Social Security context, courts have treated the ALJ's decision as the underlying agency action. *Meier*, 727 F.3d at 870-71 (9th Cir. 2013).

The Ninth Circuit has held that there is "significant similarity" between the "substantial evidence" standard of review applied to Social Security cases and "substantial justification" standard, such that "'holding that the agency's decision … was unsupported by substantial evidence is … a strong indication that the position of the United States … was not substantially justified." *Id*. 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (citation and quotation marks omitted). If the ALJ's underlying decision is not substantially justified, the court need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872-73.

The Commissioner argues that it was substantially justified in defending the ALJ's determination Plaintiff was not disabled, and there was at least a "genuine dispute" in this regard. *Pierce*, 487 U.S. at 565. It argues that insofar as Plaintiff sought remand for consideration of medical evidence, it is reasonable to assume the ALJ never received it and Plaintiff could have noted its omission. Plaintiff, on the other hand, asserts that she notified the ALJ may times about the missing records and inaccurate information in the case file.

Plaintiff first argued that the ALJ's decision should be reversed or remanded based on new medical evidence that established her disability, and the Commissioner argued that any medical evidence that post-dated the September 30, 2012 date the agency determined Plaintiff's disability ended was not relevant. (*See* ECF No. 30 at 10, 13.) The Commissioner's position was contrary to

the Social Security Administration's issuance of Social Security Ruling 13-3P, which states that the ALJ must consider whether the benefit recipient was disabled at any time through the date of the adjudicator's final decision. SSR 13-3P, 2013 WL 785484 (Feb. 21, 2013). Evidence that does not relate to the period on or before the date of the ALJ's decision is not considered in the context of a continuing disability evaluation. Here, the court found that much of the evidence Plaintiff proffered as justifying reversal or remand post-dated the ALJ's decision and related to new diagnoses or conditions, and the court found the ALJ did not err in failing to consider this evidence. (*See* ECF No. 30 at 14-15.)

There were, however, medical records that did relate to Plaintiff's previous medical condition that pre-dated the ALJ's decision, in particular the July 29, 2013 exercise stress echo report. (*Id*. at 15-16.) This document related to Plaintiff's complaints of fainting episodes and contradicted the ALJ's finding that Plaintiff exhibited no dizziness or syncope on examination. (*Id*. at 16.) In finding that there was good cause as to why this record was not presented to the ALJ before the decision was issued, the court mentioned that on July 30, 2013, Plaintiff sent correspondence referencing this test and having fainted during the test. (*Id*.) Another letter was sent on August 6, 2013, indicating that new medical exhibits were incorporated into the record, but the July 29, 2013 report was not among them. (*Id*.) Documents in the administrative record also indicated that a stress echo examination was scheduled for July 29, 2013, yet the actual report still did not make it into the record. (*Id*. at 16-17.) Plaintiff explained that she referenced the syncopal episode several times in correspondence with the SSA and signed waivers so the agency could obtain the records, but it failed to do so. Therefore, the court concluded that the ALJ failed to fulfill the duty to obtain all medical evidence. (*Id*. at 18.) On this basis, the matter was remanded for consideration of this medical evidence. (*Id*.) The court also found the ALJ failed to fulfill the duty with respect to other medical evidence which Plaintiff alerted the agency to as well. (*Id*. at 18-19.)

The court also found that the ALJ's decision lacked the support of substantial evidence in the record in various other respects.

The court determined the ALJ failed to fulfill her duty to develop the record insofar as

Plaintiff's cardiac condition was concerned, and the ALJ's decision to assign no weight to Dr. Stevenson's assessment was not supported by substantial evidence and warranted remand. (*Id*. at 20-23.) The court also concluded that the ALJ failed to develop the record in connection with Plaintiff's ability to lift her left arm over her head, and sit at a computer and type for a period of time. (*Id*. at 24.) The ALJ's assignment of little weight to Ms. Booth's assessment and the opinions of the State agency physicians were likewise not supported by substantial evidence in the record. (*Id*. at 25-27.) The ALJ further erred with respect to her determination of Plaintiff's credibility, and improperly rejected Plaintiff's husband's statement. (*Id*. at 27-33.)

By and large, the ALJ's decision was not supported by substantial evidence, and as a result the court is confident in concluding that it was not substantially justified, such that an award of costs under the EAJA is warranted. Therefore, the court need not make a determination as to whether the government's litigation objective was substantially justified.

Finally, the court will address the reasonableness of the costs sought. While acknowledging Plaintiff is the prevailing party, the Commissioner asserts that the costs other than the filing fee are not properly documented. (ECF No. 36 at 7-8.) Plaintiff did subsequently submit some documentation substantiating her costs. (ECF No. 38.)

Plaintiff submitted receipts indicating that she incurred costs of $132.17 for postage, and stated that she incurred $275.40 in mileage (ten trips to the post office at six miles roundtrip, at the rate of .54 per mile; and, five trips to the courthouse to file documents at ninety miles round trip, at a rate of .54 per mile). (ECF No. 38.)

Under the EAJA, a judgment for costs, as set forth in 28 U.S.C. § 1920, "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). The EAJA also provides that the court shall award the prevailing party fees and other expenses in addition to any costs awarded pursuant to subsection (a), unless otherwise specifically provided by statute (and unless the court finds the government's position was substantially justified or other circumstances make an award unjust). 28 U.S.C. § 2412(d)(1)(A). Under this subsection, "fees and other expenses" "includes the

1  reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering
2  report, test, or project which is found by the court to be necessary for the preparation of the party's
3  case[.]" 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has indicated that the expenses set forth in
4  28 U.S.C. § 2412(d)(2)(A) are not exclusive, and it has allowed the recovery of postage costs under
5  the EAJA. *See Int'l Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762,
6  767 (9th Cir. 1995) (citation omitted).

7  There is no question Plaintiff reasonably incurred the cost of the $400 filing fee and that
8  cost is recoverable under 28 U.S.C. § 1920(5); therefore, Plaintiff should be awarded this cost.

9  The Commissioner argues that the postage fees sought by Plaintiff were not properly
10 documented. Plaintiff did subsequently document the postage fees incurred in the amount of
11 $132.17. The court finds the postage fees to be reasonable, and thus recoverable under the EAJA.

12 Lastly, the court must address the $275.40 in mileage Plaintiff seeks to recover. The
13 Commissioner contends Plaintiff should not be reimbursed for mileage for driving to the court to
14 file documents because Plaintiff could have mailed the documents instead of driving to file them.
15 (*Id*. at 8.)  Plaintiff argues that sometimes driving to court was required to meet deadlines. (ECF
16 No. 37 at 6.) She mentions that the only option was to find someone to drive her an hour to the
17 court to file documents and incur mileage costs, as she is unable to drive due to a syncopal episode.

18 The court does not find any legal authority to support a finding that costs for traveling to
19 the post office to mail court documents for filing, or travel to the court house to file documents are
20 reasonable under the EAJA. While the court appreciates Plaintiff's explanation that she wanted to
21 utilize all of her time on her filings instead of on postal time, the court is unwilling to expand the
22 law in this regard at this time.

23 Therefore, Plaintiff should be awarded $532.17 in costs, consisting of the $400 filing fee
24 and $132.17 in postage.

25 ///
26 ///
27 ///
28 ///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Commissioner's request to strike Plaintiff's submission should be denied; Plaintiff's request (ECF No. 35) should be granted; and Plaintiff should be awarded costs in the amount of $532.17.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: January 12, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE